MATTHEW F. ANICH, District Attorney Ashland County
You have asked for assistance in resolving the issue of whether transcripts of court proceedings which have been filed with the clerk of court may be photocopied by individuals at their expense or whether such individuals must request the court reporter to provide a copy at the statutorily prescribed fee. Apparently the clerk of court and the court reporter view secs. 19.21 and 59.14, Stats., in conflict with sec. 757.57 (5), Stats. *Page 314 
It is my opinion that these statutes may be read together without conflict. Section 757.57 (5), Stats., relates to an initial request from a party that the court reporter's notes be transcribed. Even though the notes are not the property of the reporter but rather are the property of the court, the statute provides for a specific amount of compensation to the court reporter for transcribing the notes. At any time a party requests that the court reporter make original or copy transcripts and certify their correctness, the court reporter is entitled to the stated fee.
Section 757.57 (5), Stats., is limited to the plain meaning of the words of the statute. The subject matter is requests from a "party to an action or proceeding" for a "typewritten transcript . . . and . . . copies . . . of the testimony and proceedings reported by him or her in the action or proceeding." There can be no doubt that this section concerns a party requesting the initial transcription of the court reporter notes. The statute provides for compensation in this situation, and it is only when the statute specifically or by some general provision allows compensation that a court reporter may claim it. 8 Op. Att'y Gen. 2 (1919).
Once the court reporter makes the transcript and files it with the clerk of court it falls within the provisions of secs. 19.21
and 59.14, Stats.
The court reporter does not retain a proprietary interest in either the original notes, 31 Op. Att'y Gen. 219 (1942), or the typewritten transcript the reporter has made. You state:
 The Court Reporter takes the position that a person desiring a copy of a transcript is required to notify the Court Reporter for a copy since the Court Reporter has a proprietary interest in the typewritten transcript the reporter has made. Otherwise, the reporter argues, an individual could photocopy the original typewritten transcript the Court Reporter makes and thereafter sell copies of it for a profit bypassing the reporter that did the work.
If the reporter is attempting to establish some form of quasi-copyright protection, he is in error. A person who copies or takes down and transcribes dictation is not an author. Since the transcripts do not contain a distinctive individuality of the court reporter's mind, the *Page 315 
transcripts and the reporter enjoy no copyright protection. 18 Am. Jur. 2d Copyrights and Literacy Property sec. 37.
It is my opinion that the controlling statute is sec. 19.21, Stats., which states, in part:
 CUSTODY AND DELIVERY OF OFFICIAL PROPERTY AND RECORDS. (1) Each and every officer of the state, or of any county, town, city, village, school district, or other municipality or district, is the legal custodian of and shall safely keep and preserve all property and things received from his predecessor or other persons and required by law to be filed, deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers.
 (2) Except as expressly provided otherwise, any person may with proper care, during office hours and subject to such orders or regulations as the custodian thereof prescribes, examine or copy any of the property or things mentioned in sub. (1). Any person may, at his own expense and under such reasonable regulations as the custodian prescribes, copy or duplicate any materials, including but not limited to blueprints, slides, photographs and drawings. Duplication of university expansion materials may be performed away from the office of the custodian if necessary.
When this is read in conjunction with sec. 59.14 (1), Stats., which states that the clerk of circuit court shall open to the examination of any person all books and papers required to be kept in his office and permit any person to make notes and copies, it is clear that the Legislature intended that such material be available for copying.
57 Op. Att'y Gen. 138 (1968) and 59 Op. Att'y Gen. 144 (1970) previously addressed the legislative mandate of sec. 19.21 (2), Stats., and stated that any member of the public, regardless of motive, must be allowed access for examination and copying of typed material within sec. 19.21, Stats., at his own expense.
I do not think that one can argue that the intent of sec.757.57 (5), Stats., was to prevent the creation or existence of noncertified transcripts via photocopying the court's files. I say this because the original transcript is certified by the court reporter and any person may, *Page 316 
upon tendering the legal fee, require the clerk of court to furnish certified copies of the original transcript pursuant to sec. 889.18 (3), Stats. 60 Op. Att'y Gen. 470 (1971). As my predecessor stated in that opinion, the legislative intent is heavily weighed in favor of permitting access; sec. 19.21 (4), Stats., provides a penalty for unreasonable denial of such examination and copying; and sec. 889.18 (3), Stats., provides an additional forfeiture for an unreasonable refusal to make copies.
This is a clear indication that, in Wisconsin, official records, including transcripts produced by court reporters, are open to public inspection and copying.
BCL:SDE